JASON B.* *v.* COMMISSIONER OF CORRECTION
(AC 33117)

Bear, Espinosa and Flynn, Js.**

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to indentify the victim or others through whom the victim's identity may be ascertained.

** The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 7—officially released April 2, 2013

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Adam E. Mattei*, deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Jason B., following the habeas court's granting of his petition for certification to appeal, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that "[t]he habeas court erred when it denied [his] claim that his right to due process under [a]rticle [f]irst, [§] 8, of the Connecticut [c]onstitution was violated when the police destroyed

evidence that was potentially exculpatory thereby making it unavailable at trial." We disagree and affirm the judgment of the habeas court.

The petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and unlawful restraint in violation of General Statutes § 53a-95 (a) for acts committed against his former wife, and his conviction was upheld on appeal. See *State* v. *Jason B.*, 111 Conn. App. 359, 958 A.2d 1266 (2008), cert. denied, 290 Conn. 904, 962 A.2d 794 (2009). During his criminal trial, the petitioner testified in his own defense that he and the victim had engaged in consensual sexual relations on the night in question. During the victim's testimony about the sexual assault and restraint, she testified, in part, that during the incident, the petitioner had forced her to smoke a marijuana cigarette (cigarette). Id., 362 n.2. She gave the remains of that cigarette to the police. The police, however, destroyed the cigarette by flushing it down a toilet. During his habeas trial, the petitioner claimed, in relevant part, that the destruction of the cigarette was a due process violation because he did not have the opportunity to test the cigarette for DNA.[1] The habeas court disagreed.

On appeal, the petitioner argues: "By destroying the cigarette, the [s]tate harmed the petitioner's case because he could not test an item that, based on his version of the facts of the case, could prove exculpatory, could support his claim that the relations were consensual, and importantly, could bolster his credibility." We are not persuaded.

In *State* v. *Morales*, 232 Conn. 707, 720, 657 A.2d 585 (1995), our Supreme Court determined that article first,

---

[1] Although the petitioner failed to raise this claim on direct appeal, and raised it for the first time at his habeas trial, the state did not file a defense to the claim. Accordingly, it properly is before us.

§ 8, of the Connecticut constitution requires a balancing test rather than a showing of bad faith: "We refer to this test as the *Asherman* test. [*State* v. *Asherman,* 193 Conn. 695, 724, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985).] Although the United States Supreme Court in [*Arizona* v. *Youngblood,* 488 U.S. 51, 57, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988)] held that due process under the federal constitution does not require a trial court to apply such a balancing test . . . due process under our state constitution does." "[T]he trial court must employ the [*Asherman*] balancing test, weighing the reasons for the unavailability of the evidence against the degree of prejudice to the accused." (Internal quotation marks omitted.) *State* v. *Joyce,* 243 Conn. 282, 301, 705 A.2d 181 (1997), cert. denied, 523 U.S. 1077, 118 S. Ct. 1523, 140 L. Ed. 2d 674 (1998). The factors to be considered include "[1] the materiality of the missing evidence, [2] the likelihood of mistaken interpretation of it by witnesses or the jury, [3] the reason for its nonavailability to the defense and [4] the prejudice to the defendant caused by the unavailability of the evidence." *State* v. *Asherman,* supra, 724.

In the present case, the petitioner contends that a proper application of the balancing factors from *Asherman* requires that his petition for a writ of habeas corpus be granted and that he be granted a new trial. Applying the *Asherman* balancing factors, however, we conclude that the petitioner's right to due process of law under article first, § 8, of the Connecticut constitution was not violated by the destruction of the cigarette.

First, we conclude that the cigarette was not material. See *State* v. *Asherman,* supra, 193 Conn. 724. "The measure of materiality is whether there is a reasonable probability that, had the evidence been disclosed [or available] to the defense, the result of the proceeding would have been different." (Internal quotation marks

omitted.) *State* v. *Barnes*, 127 Conn. App. 24, 32, 15 A.3d 170 (2011), aff'd, 308 Conn. 38, 60 A.3d 256 (2013). We conclude that such a reasonable probability does not exist in this case. The petitioner testified during his criminal trial that the victim voluntarily smoked marijuana while in his vehicle. Exactly whose DNA, if any, may have been present on the cigarette that the victim gave to the police likely would not have affected the outcome of the petitioner's trial. Even if the cigarette tested positive for either the petitioner's or a third person's DNA, but not the victim's DNA, it would not have meant that the victim had not smoked the cigarette, but only that her DNA was not detectable. Additionally, even if the cigarette tested positive for the victim's DNA whether it was proved to be marijuana or something other than marijuana, it would not have been relevant to the issue of whether the petitioner had forced the victim to smoke that cigarette. Furthermore, the primary issue at the petitioner's criminal trial was whether his sexual encounter with the victim was consensual or was forced on her. The petitioner did not contest being with the victim; he asserted that they had consensual sexual relations, while the victim alleged that she was sexually assaulted. This was the question that the jury had to resolve, and it concluded that the state presented evidence, beyond a reasonable doubt, of sexual assault. The presence, or lack thereof, of DNA on the cigarette, therefore, would not have been material to the petitioner's case, nor would it have been material if the cigarette proved to contain something other than marijuana.

Second, we conclude there is no likelihood that the jury or a witness would have had a mistaken interpretation of the missing evidence. See *State* v. *Asherman*, supra, 193 Conn. 724. Because of its unavailability, there was no evidence presented regarding testing of the cigarette to determine whether it contained marijuana or

whether there was DNA present on it, nor was any testing ever conducted. The jury did not hear evidence on this subject nor was any witness asked to testify about testing this particular cigarette. Accordingly, we conclude that there could be no mistaken interpretation of the missing evidence.

Third, the petitioner concedes that there is nothing in the record to suggest that the police acted in bad faith or with an improper motive in destroying the cigarette. See id., 724 (third factor is consideration of reasons for unavailability of evidence). "In weighing the third *Asherman* factor . . . our cases have focused on the motives behind the destruction of the evidence. . . . In examining the motives . . . our courts have considered such factors as whether the destruction was deliberate and intentional rather than negligent . . . or done in bad faith or with malice . . . or with reckless disregard . . . or calculated to hinder the defendant's defense, out of other animus or improper motive, or in reckless disregard of the defendant's rights." (Citations omitted; internal quotation marks omitted.) *State* v. *Jones*, 50 Conn. App. 338, 358, 718 A.2d 470 (1998), cert. denied, 248 Conn. 915, 734 A.2d 568 (1999). The petitioner also conceded that there is no evidence of an improper motive for the destruction of the cigarette. Accordingly, this factor also weighs in favor of the state.

Fourth, we conclude that the petitioner has failed to demonstrate undue prejudice caused by the unavailability of the cigarette. See *State* v. *Asherman*, supra, 193 Conn. 724. Although the petitioner argues that he was prejudiced by the missing evidence because he could have used it to impeach the victim's testimony depending on the DNA results of the cigarette and whether it, in fact, was marijuana, we agree with the habeas court that the results of any testing "would not have established anything exculpatory." The petitioner testified that the victim voluntarily had smoked marijuana while in his vehicle. The absence of the victim's

DNA, the presence of the petitioner's DNA or the presence of the DNA of a third party would not have established that the victim was lying about whether the petitioner forced her to smoke the cigarette or about whether the sexual encounter was consensual instead of a sexual assault by the petitioner of the victim. Because there is no proof in the record that there is a substantial correlation between touching a cigarette and the resultant presence of testable DNA, the lack of the victim's or the petitioner's DNA on the cigarette would not have been material in determining whether the victim or the petitioner had touched or smoked the cigarette, and the presence of a third party's DNA on the cigarette would have established only that another person also had touched the cigarette. Furthermore, even if the cigarette proved to contain a substance other than marijuana, it would not have established that the victim was lying when she said that the petitioner had forced her to smoke that cigarette, or that she was lying about the petitioner's sexual assault of her.

After weighing the four factors of the *Asherman* test, we conclude that the habeas court properly concluded that the petitioner's right to due process of law under article first, § 8, of the Connecticut constitution was not violated by the missing evidence. Accordingly, the habeas court did not err in denying the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.